IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| RONALD W. WALDEN, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MCDONALD'S CORPORATION, )<br>    a Delaware Corporation, )<br>)<br>and )<br>)<br>JS&J RESTAURANTS, INC., )<br>    a Virginia Corporation, )<br>)<br>Defendants. )<br>) | Civil Action No: 2:20-cv-379-RAJ-LRL |

# FIRST AMENDED COMPLAINT

Plaintiff, **Ronald W. Walden, Jr.**, by and through his undersigned counsel, hereby files this First Amended Complaint against **MCDONALD'S CORPORATION**, a Delaware Corporation, and **JS&J RESTAURANTS, INC.**, a Virginia Corporation, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* and damages for violations of the law of the Commonwealth of Virginia. In support of his allegations, Plaintiff states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*. (the "ADA.")  The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in the City of Norfolk, Virginia.

3. Plaintiff Ronald W. Walden, Jr. ("Mr. Walden") is a resident of the Commonwealth of Virginia.

4. Mr. Walden is a qualified individual with a disability as the term is defined by and within the meaning of the ADA.  Mr. Walden is diagnosed with *osteogenesis imperfecta* and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, **MCDONALD'S CORPORATION**, ("MCDONALD'S" or "Defendants,") is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action (the "Property.")

7. McDonald's is a foreign corporation organized and existing pursuant to the laws of the State of Delaware and maintains a registered agent within the Commonwealth of Virginia for the purpose of accepting service of process.

8. Upon information and belief, **JS&J RESTAURANTS, INC.,** ("JS&J RESTAURANTS" or "Defendants,") is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action (the "Property.")

9. JS&J Retaurants is a corporation organized and existing under the laws of the Commonwealth of Virginia.

10. The Property is known as McDonald's; it is generally located at 400 Saint Paul's Boulevard, Norfolk, VA 23510.

11. Defendants, jointly and individually, are responsible for complying with all applicable obligations of the ADA.

12. All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

13. The allegations set forth in the paragraphs above are incorporated by reference as if fully set forth in this count.

14. The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

15. Mr. Walden visited the Property and plans to return to the Property in the near future.

16. During the visit, Mr. Walden experienced serious difficulty accessing the goods and utilizing the services on the Property due to the architectural barriers described in this First Amended Complaint and specifically in Paragraph 19.

17. Mr. Walden wants to visit the Property but continues to experience serious difficulty as the result of the barriers described below, all of which exist at the time of this filing.

18. Mr. Walden plans to and will visit the Property once the barriers described in Paragraph 18 and any other barriers have been removed.

19. Defendants discriminated and continue to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.*, by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A. Plaintiff encountered inaccessible parking designated as accessible due to obstructions in the access aisle;

    B. Plaintiff encountered an inaccessible ramp on the designated accessible route due to excessive lip; and

    C. Plaintiff encountered an inaccessible entrance due to lack of a level landing in front of the entrance and the lack of pull side clearance.

20. As of the date of this filing, the readily achievable barriers and other violations of the ADA exist. They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA.

21. Independent of his intent to return to the Property as a patron, Plaintiff intends to return to the Property as an ADA tester to determine whether the barriers to access in this First Amended Complaint have been remedied.

22. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendants.

23. Removal of the barriers to access located on the Property will allow Plaintiff to fully utilize the goods and services located on the Property.

24. The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action. The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendants and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

25. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

26. Defendants' Property is a place of public accommodation under *Code of Virginia*, § 51.5-44.

27. The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

28. As a direct and proximate result of Defendants' intentional and negligent failure to remove barriers to access that exist on Defendants' property, Plaintiff was and continues to be denied access and his civil rights were and continue to be violated.

29. Consequently, Mr. Walden seeks monetary damages from Defendants pursuant to *Code of Virginia*, § 51.5-46 for the discrimination he experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, Ronald W. Walden, Jr. demands judgment and execution against Defendants, jointly and severally, and requests the Court provide the following injunctive and declaratory relief:

A. Declare the Property owned and administered by Defendants is in violation of the ADA;

B. Enter an order directing Defendants to alter their facilities on the Property to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. Enter an order directing Defendants to evaluate and neutralize their policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees), and other expenses of this action;

E. Award such other and further relief as it deems necessary, just and proper;

F. Issue a Declaratory Judgment that Defendants violated the Virginia Rights of Persons with Disabilities Act;

G. Order Defendants to alter the Property to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H. Award Plaintiff monetary damages from the Defendants pursuant to *Code of Virginia* § 51.5-46; and

I. Award Plaintiff such other additional and proper relief as may be just and equitable.

**RONALD W. WALDEN, JR**.

By: */s/Deborah C. Waters*
     Deborah C. Waters, Esquire
     Virginia State Bar #28913
     Waters Law Firm, P.C.
     Town Point Center Building, Suite 600
     150 Boush Street
     Norfolk, VA  23510
     Telephone: (757) 446-1434
     Facsimile: (757) 446-1438
     dwaters@waterslawva.com
     *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all counsel of record and a true and correct copy will be served via U.S. Mail to the following:

MCDONALD'S CORPORATION
By Serving Registered Agent:
Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219

By: /s/ Deborah C. Waters
Deborah C. Waters, Esquire
Virginia State Bar #28913
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA  23510
Telephone: (757) 446-1434
Facsimile: (757) 446-1438
dwaters@waterslawva.com
*Counsel for Plaintiff*